```
             UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

Mark B. Galvin and Jenny Galvin

    v.                              Civil No. 12-cv-320-JL

EMC Mortgage Corporation et al.


**SUMMARY ORDER**

Presently before the court is a "Motion to Vacate Dismissal and to Amend Complaint" filed by plaintiffs Mark and Jenny Galvin.  The Galvins' filing is a response to this court's order of April 4, 2013, which dismissed 14 of the 15 counts of their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. See Galvin v. EMC Mortg. Corp., 2013 DNH 053.  At the outset, it must be noted that the filing fails to comply with this court's Local Rules in at least one key respect.  In contravention of Local Rule 7.1(a)(1), the Galvins "combine[d] multiple motions seeking separate and distinct relief"--vacation of the April 4 order and leave to amend the complaint--"into a single filing."

This is not the only problem with the filing.  The Galvins request relief under Rule 60(b).  But Rule 60(b) does not apply here, because that rule only provides for relief "from a <u>final</u> judgment, order or proceeding."  Fed. R. Civ. P. 60(b) (emphasis added).  As noted, the April 4 order did not dispose of this

action in full, but permitted one of the Galvins' many claims to proceed.  For this reason, the order was not "final," and Rule 60 is inapposite.  See, e.g., Floyd v. City of New York, 813 F. Supp. 2d 457, 463-64 (S.D.N.Y. 2011)  (order that "did not fully adjudicate the parties' claims . . . was not appealable and thus not final for the purposes of Rule 60(b)); Delta Health Group, Inc. v. U.S. Dep't of Health & Human Servs., 459 F. Supp. 2d 1207, 1227 (N.D. Fla. 2006) (similar); Robinson v. Union Pac. R.R., 98 F. Supp. 2d 1211, 1214 (D. Colo. 2000) (similar).

Instead, Local Rule 7.2(e) governs motions that, like the Galvins', ask the court "to reconsider an interlocutory order." That rule provides that such a motion "shall be filed within fourteen (14) days from the date of the order unless the party seeking reconsideration shows cause for not filing within that time."  L.R. 7.2(e).  The Galvins' request for reconsideration was filed on May 14, 2013--over a month after the order in question--and the Galvins have provided no explanation for this unseasonably late filing.  This is reason enough to deny their request.

It is not, however, the only reason to deny it.  In seeking reconsideration, the Galvins argue that this court erred in concluding that the Bank of New York Mellon, which holds the Galvins' mortgage by assignment, may foreclose even if it does not hold the associated promissory note.  See Galvin, 2013 DNH

053 at 17-21.  This argument, which spans over ten pages of the Galvins' motion, appears to hinge primarily upon the contention that "the word 'mortgagee' in [N.H. Rev. Stat. Ann.] § 479:25 refers to the holder and owner of the mortgage and the note interests when it comes to standing to non-judicially foreclosure *[sic]* a mortgage under the power of sale in the state of New Hampshire."  Mot. to Vacate Dismissal & Amend Compl. (document no. 25) at 7; see also id. at 13-14.  This theory was notably absent from the Galvins' opposition to the defendants' motion to dismiss, which--in the course of the less than two pages it devoted to the Galvins' claim that Bank of New York Mellon could not foreclose because it did not hold the note--did not quote or even cite § 479:25 or any of the (mostly extrajurisdictional) authority upon which the Galvins now rely.  See Memo. in Supp. of Obj. to Mot. to Dismiss (document no. 13) at 2-4.  "A motion for reconsideration is not a vehicle for the introduction of arguments that could and should have been made to the district court earlier."  Fábrica de Muebles J.J. Álvarez, Inc. v. Inversiones Mendoza, Inc., 682 F.3d 26, 33 (1st Cir. 2012).[1]

---

[1]The Galvins suggest that the court is somehow at fault for their failure to advance this unbriefed argument earlier, because it cautioned the parties that "[n]o new arguments or claims outside the briefs and pleadings [would] be entertained" at oral argument.  Mot. to Vacate Dismissal & Amend Compl. (document no. 25) at 7 (quoting Order of Feb. 12, 2013).  That word of caution merely recognized the principle, well-recognized in this Circuit, that "a party has a duty to incorporate all relevant arguments in

3

The Galvins' motion (document no. 25) is accordingly DENIED insofar as it seeks reconsideration of this court's April 4, 2013 order. This ruling--which the court issues simply to save the defendants the time and expense of preparing a response to the Galvins' request for reconsideration--has no effect on the Galvins' request for leave to amend, which is TAKEN UNDER ADVISEMENT pending the defendants' anticipated objection. The preliminary pretrial conference presently scheduled for May 30, 2013, is continued until further notice.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge

Dated: May 14, 2013

cc: Jamie Ranney, Esq.
    Paul J. Alfano, Esq.
    Peter G. Callaghan, Esq.

---

the papers that directly address a pending motion." Rocafort v. IBM Corp., 334 F.3d 115, 122 (1st Cir. 2003); see also Galvin, 2013 DNH 053 at 3. That is not an unreasonable expectation of litigants in general. It is even less unreasonable to expect that plaintiffs who, like the Galvins, find their complaints tested by a motion to dismiss will be able to articulate the legal and factual basis for each of their claims in a timely opposition memorandum, as they presumably investigated the merits of those claims before filing suit.